**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Randy B. COMBS, Defendant–Appellant.**

No. 02–5424.

United States Court of Appeals, Sixth Circuit.

May 14, 2003.

Before SILER, GILMAN, and GIBBONS, Circuit Judges.

GIBBONS, Circuit Judge.

Defendant-appellant Randy Combs entered a guilty plea to a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). At sentencing, the district court applied a four-level enhancement to his offense level because it found that Combs used or possessed the firearm in connection with another felony offense, aggravated assault. Combs appeals the application of the four-level enhancement, arguing that the government failed to show by a preponderance of the evidence that he used the firearm in the offense. For the following reasons, we affirm the judgment of the district court.

## I.

On February 10, 2000, defendant Randy Combs was at his home with his then-girlfriend Alice Mashburn when Combs became violent. Mashburn's seventeen-year-old daughter, Jennifer Trigg, called 911. Sergeant Donald Luckadoo and Officer Ronnie Chris responded to the call (described as an "armed suspect with a hostage" call). Upon arrival, Luckadoo saw Combs standing in the doorway inside the kitchen area holding a shotgun. When Combs saw the officers arrive, he went back into the residence and slammed the door shut. As Luckadoo approached the house, Mashburn came to the door from the inside. Her hand was bleeding from a knife wound, and three of her fingers had been cut. The officers searched the residence and found Combs in the living room. They also found the shotgun under Combs' bed in the bedroom, where Combs had thrown it just before the officers entered

the house. The officers arrested Combs at the scene.

At the sentencing hearing, Luckadoo and Combs both testified. Mashburn and Trigg could not be located and were not present at the hearing. Luckadoo testified that Mashburn told him at the scene that Combs had pointed the shotgun at her head with the hammer cocked down, threatening to blow her head off. Combs' uncle, Louie Combs, was also present at the house that day, and also said that Combs had held the gun and threatened to blow Mashburn's head off. Mashburn also told Luckadoo that Combs "had a knife and she grabbed it to keep him from cutting her throat." Luckadoo observed the knife on the kitchen counter with blood on it. He also observed that Mashburn had bruises on her neck and shoulder and red spots on her face. Mashburn, Combs, and Louie Combs all exhibited signs that they had been drinking. As he was escorting Combs away from the residence, Luckadoo heard Combs tell Mashburn that he would kill her when he got out of jail.

Combs testified at the sentencing hearing that although he had "pushed [Mashburn] up against the wall and grabbed her shirt and ... started shaking her," he did not threaten her with the knife or shotgun. He said that he had the shotgun in his hands when the police arrived because he "had [his] stuff packed up in a duffel bag [that he had] throwed ... in the car and ... was fixing to leave." He was "fixing to go out the door" with the shotgun and throw it in his car. Combs denied threatening to kill Mashburn when he got out of jail.

Combs was arrested for unlawful possession of a weapon by a convicted felon, two counts of aggravated assault, and three counts of simple assault. These state charges were dismissed because it was determined that Combs would be prosecuted federally.

On October 10, 2001, a federal grand jury returned a two-count indictment against Combs, charging him with being a felon in possession of a firearm and a felon in possession of ammunition, both in violation of 18 U.S.C. § 922(g). Pursuant to a plea agreement, Combs entered a guilty plea to the first count and the second count was dismissed. The Presentence Investigation Report provided for an offense level of twenty-one and a criminal history category of IV, for a guideline range of fifty-seven to seventy-one months. This report included a four-level enhancement of the offense level pursuant to U.S.S.G. § 2K2.1(b)(5) because Combs had used the firearm in connection with another offense, namely, assaulting Mashburn. The report stated in part:

> The defendant used or possessed the firearm in connection with another felony offense, in that he was charged with two counts of Aggravated Assault (Domestic Violence) in connection with the instant offense. According to the arrest warrants filed by Sergeant Don Luckadoo of the Claiborne County Sheriff's Department, the defendant tried to cut the victim's throat, but she grabbed the blade of the knife. The defendant then grabbed the 12 gauge shotgun and stuck it to the victims [sic] head saying he was going to blow her head off. According to the USSG Commentary, Application Note No. 7, "Felony Offense" means an offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or a conviction obtained. Pursuant to USSG § 2K2.1(b)(5), the offense level is increased by four.

Combs filed an objection to this part of the report, averring that he had not committed a felony offense other than possession of the firearm.

The district court held a sentencing hearing, at which Luckadoo and Combs testified. The court also considered the prior grand jury testimony of Mashburn's daughter. Combs again raised the objection to the four-level enhancement, arguing that there was a lack of evidence that Combs used the gun against Mashburn. The district court overruled the objection, finding that Luckadoo's testimony was credible. It sentenced Combs to sixty months imprisonment, a three-year term of supervised release, and a special assessment of $100. Combs filed a timely notice of appeal.

## II.

Combs argues that the district court's finding that he used a gun in the alleged assault on Mashburn was erroneous, and that the district court therefore should not have increased his offense level pursuant to U.S.S.G. § 2K2.1(b)(5). In reviewing a criminal sentence, this court reviews a district court's findings of fact under the clearly erroneous standard, as provided in 18 U.S.C. § 3742(e), which states:

> The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are erroneous and shall give due deference to the district court's application of the guidelines to the facts.

The bulk of the testimony came from Luckadoo, and it included both direct observations, such as seeing Combs with the shotgun at the door, and hearsay, such as Mashburn's and Louie Combs' statements to him. Combs concedes that hearsay is admissible in sentencing hearings, if it has sufficient or minimally adequate indicia of reliability. *See United States v. Silverman*, 976 F.2d 1502, 1512–13 (6th Cir.1992) (*en banc*).

Combs argues that the hearsay in this case was unreliable because Mashburn and Louie Combs had been drinking. The district court, however, recognized these facts and considered them when weighing the evidence. At the sentencing hearing, it stated:

> The court finds the testimony of Sergeant Don Luckadoo of the Claiborne County Sheriff's Department is credible.... [A]ll of the participants in this matter of the night in question were apparently very intoxicated. The two visitors, the uncle and the other fellow, were so drunk that they can't walk, according to the police officer. Anybody that is so drunk that they can't walk, in this court's opinion, cannot accurately recant [sic] what was going on on the evening in question. This case, like so many domestic violence cases, apparently involves a victim, unless she is dead, who obviously now is either afraid to testify or who has forgiven her husband and doesn't want to testify against him. On the night in question when everything was fresh in everybody's mind in the heat of the moment everybody seemed to agree that there was a shotgun involved and there was [sic] threats being made by a shotgun against this woman and there was a butcher knife involved and that this man, this defendant here threatened this lady's life as he left the scene in custody of the officer. I think it all adds up that he did in fact use this weapon to threaten this lady, therefore, the enhancement should be imposed, and that I sentence you, Mr. Combs[,] to 60 months in the penitentiary.

Combs also argues that Mashburn's statements to Luckadoo should be discounted because she had been arrested for several offenses, including passing worthless checks, public intoxication, driving on a revoked license, child endangerment, disorderly conduct, criminal trespassing, harassment, unlawful possession of a handgun, and possession of stolen property. There was no evidence that she had been convicted of these offenses. In any event, Luckadoo testified about Mashburn's prior arrests. Therefore, the district court was on notice of her record and it considered Mashburn's prior arrests in weighing the evidence. A trial court's credibility determinations are entitled to considerable deference. *Ramos v. Rogers,* 170 F.3d 560, 565 (6th Cir.1999). In this case, the district court found the hearsay testimony to be reliable, and Combs fails to show otherwise.

The district court's finding that the government met its burden of showing by a preponderance of the evidence that Combs used a firearm in connection with his assault on Mashburn was not clearly erroneous and should not be disturbed on appeal. We therefore affirm.